```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


ADELE MOTLOW, et al.                            CIVIL ACTION

VERSUS                                          NO: 13-6136

MEDTRONIC, INC., et al.                         SECTION: R(2)
```

## ORDER AND REASONS

Plaintiffs move the Court to remand this case to state court.[1] The Court GRANTS the motion, because it finds that diversity jurisdiction does not exist.

### I. Background

Plaintiffs Adele and Philip Motlow, individually and on behalf of their deceased minor son Dalton Motlow, sued defendants Medtronic, Inc., Medtronic Vascular, Inc., Troy Phillips and Ochsner Clinic Foundation ("Ochsner") in state court.[2] The plaintiffs and defendants Phillips and Ochsner are citizens of Louisiana.[3] Medtronic, Inc. is a citizen of Minnesota, and Medtronic Vascular, Inc. is a citizen of Delaware and California.[4]

---

[1] R. Doc. 5.

[2] R. Doc. 1-1 at 1.

[3] *Id.*

[4] R. Doc. 1-4 at 1.

The plaintiffs' state court petition alleges the following facts: On or about September 25, 2007, a doctor at Ochsner implanted a "Medtronic pacemaker/defibrillator and a Medtronic lead" in Dalton Motlow for treatment of a heart condition.[5] Medtronic, Inc. and Medtronic Vascular, Inc. (collectively, "Medtronic") manufactured and distributed the lead.[6] Phillips, a Medtronic employee, represented Medtronic in the sale of cardiac pacemakers/defibrillators and leads, including the lead implanted in Dalton Motlow.[7] On or about October 15, 2007, Medtronic issued a "Dear Doctor" letter to notify health care providers that the Medtronic lead was defective.[8] One purpose of the letter was to allow doctors and their patients to consider whether defective leads already implanted should be removed.[9] Medtronic and Phillips failed to notify Ochsner and its doctors of the defective lead, or, in the alternative, Ochsner failed to notify the plaintiffs of the "Dear Doctor" letter.[10] On or about March 31, 2013, Dalton Motlow's defibrillator began beeping.[11] Doctors

---

[5] R. Doc. 1-1 at 2.

[6] *Id.*

[7] *Id.* at 2, 5.

[8] *Id.* at 2-3; see R. Doc. 1-5.

[9] R. Doc. 1-1 at 3; see R. Doc. 1-5 at 7.

[10] R. Doc. 1-1 at 3, 5.

[11] *Id.* at 4.

determined that his lead had fractured and recommended removal.[12] An attempt at removal resulted in fatal brain damage, and Dalton Motlow passed away on July 11, 2013.[13]

The plaintiffs allege that Medtronic is liable under the Louisiana Products Liability Act, La. R.S. 9:2800.54.[14] They further allege that Medtronic and Phillips are liable for negligently failing to inform Ochsner of the defective lead, or, in the alternative, that Ochsner is liable for negligently failing to inform the plaintiffs of the defective lead.[15]

Medtronic removed the suit to this Court on grounds of diversity jurisdiction.[16] The plaintiffs moved to remand.[17] They argue that, since Phillips and Ochsner are Louisiana citizens, there is not complete diversity between plaintiffs and defendants, and the Court lacks subject matter jurisdiction.[18] Medtronic opposes the motion to remand, arguing that Phillips and Ochsner are improperly joined as defendants.[19]

---

[12] *Id.*

[13] *Id.*

[14] *Id.* at 5.

[15] *Id.*

[16] R. Doc. 1.

[17] R. Doc. 5.

[18] *Id.* at 2.

[19] R. Doc. 9.

## II. Legal Standard

Generally, a defendant may remove a civil suit from state court to federal court if the federal court has original jurisdiction over the action. 28 U.S.C. § 1441(a). The removing party bears the burden of establishing federal jurisdiction. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). In assessing whether removal is appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed in favor of remand. *See Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Accordingly, "[a]ny ambiguities are construed against removal." *Id.*

For a federal court to exercise diversity jurisdiction, the amount in controversy must exceed $75,000 and there must be complete diversity between plaintiffs and defendants. *See* 28 U.S.C. § 1332(a); *Owen Equip. & Erection Co. v. Kroger,* 437 U.S. 365, 373 (1978). Here, the parties do not dispute that the amount in controversy exceeds $75,000. Thus, the only dispute is whether there is complete diversity between plaintiffs and defendants. When a plaintiff shares citizenship with one or more defendants, no defendant may remove the case to federal court. *See McLaughlin v. Miss. Power Co.,* 376 F.3d 344, 353 (5th Cir. 2004). But, in such circumstances, a defendant *may* remove by showing that the

non-diverse defendants are improperly joined. *Smallwood v. Ill. Cent. R.R. Co.*, 352 F.3d 220, 222 (5th Cir. 2003).

The fraudulent joinder doctrine is a narrow exception to the rule requiring complete diversity, and the burden of demonstrating improper joinder is a heavy one. *Id.* A defendant may establish improper joinder by showing either (1) actual fraud in pleading jurisdictional facts, or (2) the plaintiff's inability to establish a cause of action against the non-diverse parties in state court. *Id.* at 222-23. Here, there is no allegation that the plaintiffs fraudulently pleaded jurisdictional facts. Accordingly, only the second prong of the improper joinder test is at issue. Under this prong, the Court asks whether there is arguably a reasonable basis for predicting that state law might impose liability on the non-diverse defendants. *Id.* at 223 (quoting *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 816 (5th Cir. 1993)).

To decide whether a plaintiff has demonstrated a reasonable possibility of recovery, "the district court may 'conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant.'" *Menendez v. Wal-Mart Stores, Inc.,* 364 F. App'x 62, 69 (5th Cir. 2010) (per curiam) (quoting *Smallwood v. Ill. Cent. R.R. Co.,* 385 F.3d 568, 573 (5th Cir. 2004)). The scope of the inquiry for improper

joinder, however, is broader than that for Rule 12(b)(6), as the Court may "pierce the pleadings" and consider summary judgment-type evidence to determine whether the plaintiff has a basis in fact for her claim. *Smallwood,* 352 F.3d at 223 n.8 (citing *Travis v. Irby,* 326 F.3d 644, 648-49 (5th Cir.2003)); *see also Menendez*, 364 F. App'x at 69. In conducting this inquiry, the Court must "take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff." *Travis,* 326 F.3d at 649. Further, the Court must resolve all contested issues of fact and all ambiguities of state law in favor of the plaintiff. *Id.; Elam v. Kan. City S. Ry. Co.*, 635 F.3d 796, 813 (5th Cir. 2011).

**III. State Law Might Impose Liability on Ochsner**

The question to be answered is whether there is arguably a reasonable basis for predicting that Louisiana law might impose liability on either Phillips or Ochsner. The Court concludes that Louisiana law might impose liability on Ochsner and that remand is warranted on this ground. Accordingly, the Court need not, and does not, reach the question of whether Louisiana law might impose liability on Phillips.

Under the Louisiana Medical Malpractice Act ("LMMA"), persons alleging medical malpractice must present their claims to a medical review panel before filing suit against a health care

provider. La. R.S. 40:1299.47(B)(1)(a)(i). A malpractice claim against a qualified health care provider is subject to dismissal "if such claim has not first been reviewed by a pre-suit medical review panel." *Blevins v. Hamilton Med. Ctr., Inc.*, 959 So.2d 440, 444 (La. 2007). The parties, however, may waive this requirement. La. R.S. 40:1299.47(B)(1)(c).

Here, the parties disagree as to whether the LMMA applies to the plaintiffs' claims against Ochsner. The plaintiffs argue that the LMMA does not apply, because they allege simple negligence, not medical malpractice, for Ochsner's failure to inform them of the "Dear Doctor" letter.[20] Medtronic argues that it does apply, because the claims against Ochsner involve medical decision making during ongoing treatment and therefore amount to allegations of medical malpractice.[21]

The Court need not resolve this dispute, because it finds that there is evidence in the record that Ochsner has waived its right under the LMMA to pre-suit review before a medical review panel. Specifically, the plaintiffs have submitted an email exchange between their counsel and counsel for Ochsner confirming that Ochsner and the plaintiffs have mutually agreed "to waive the panel proceedings."[22] They have additionally submitted a

---

[20] R. Doc. 5-1 at 10-11.

[21] R. Doc. 9 at 13.

[22] R. Doc. 5-3.

7

proposed amended complaint, which states that "Ochsner Clinic Foundation . . . through counsel of record, and plaintiffs, through counsel of record, agreed to waive the medical review panel requirement of La. R.S. 40:1299.47."[23] Finally, they have submitted correspondence between their counsel and the Louisiana Patient's Compensation Fund, confirming that Ochsner and the plaintiffs have mutually waived the panel review requirement.[24] Accordingly, even if the LMMA applies, there is a reasonable basis for predicting that Louisiana law might impose liability on Ochsner without prior proceedings before a medical review panel.

Medtronic argues that Ochsner's waiver of the panel review requirement is immaterial to the question of the Court's subject matter jurisdiction, because waiver occurred three days after Medtronic removed the case to this Court.[25] It is true that, generally, "the question of whether jurisdiction exists is resolved by looking at the complaint at the time the petition for removal is filed." *Brown v. Sw. Bell Tel. Co.*, 901 F.2d 1250, 1254 (5th Cir. 1990). Complete diversity of citizenship, however, "is a statutorily mandated rule that is almost as old as the

---

[23] R. Doc. 5-4 at 3.

[24] R. Docs. 14-1 and 14-2.

[25] R. Doc. 9 at 16-17; *compare* R. Doc. 1 (notice of removal dated October 11, 2013) *with* R. Doc. 5-4 at 3 ("On October 14, 2013 . . . Ochsner . . . and plaintiffs . . . agreed to waive the medical review panel requirement").

Republic itself." *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1180 (5th Cir. 1987) (citing *Strawbridge v. Curtiss*, 3 Cranch 267 (1806)). Thus, while reduction of the amount in controversy or change in residency of a party during pendency of a suit will not divest a federal court of diversity jurisdiction, "addition of a nondiverse party will defeat jurisdiction." *Id.* at 1180-81. In other words, outside of the narrow circumstance when a previously diverse defendant relocates in-state, "diversity jurisdiction is not to be available when any plaintiff is a citizen of the same State as any defendant." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978).

It is undisputed that Ochsner is a non-diverse party. The Court finds that the plaintiffs' claims against Ochsner are colorable and that, even if the LMMA applies to those claims, Ochsner and the plaintiffs have mutually waived the LMMA's panel review requirement. Thus, Ochsner clearly is subject to liability in state court at this time. Moreover, Ochsner's waiver of the panel review requirement suggests that it never intended to invoke that requirement as a procedural bar in state court.[26] The Court likens Ochsner and the plaintiffs' post-removal waiver to a binding, post-removal stipulation restricting the amount in controversy to less than $75,000, which is a permissible means of

---

[26] *See* R. Doc. 1-1 (Ochsner did not file an exception of prematurity in the state court proceedings).

defeating federal diversity jurisdiction. *See Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 724 (5th Cir. 2002).

With Ochsner as a party, there is not complete diversity, and the Court lacks subject matter jurisdiction over the action. *See Owen Equip.*, 437 U.S. at 374. Remand is therefore required. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

**IV. Conclusion**

For the foregoing reasons, the plaintiffs' motion to remand is GRANTED.

New Orleans, Louisiana, this __18th__ day of December, 2013.

_____
**SARAH S. VANCE
UNITED STATES DISTRICT JUDGE**

10